**Guillermo SOLORIO, Jr., Petitioner—Appellant,**

v.

**Joseph L. MCGRATH, Warden, Respondent—Appellee.**

No. 06–16097.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 06, 2007.

Guillermo Solorio, Jr., Crescent City, CA, pro se.

Warrington S. Parker, III, Esq., Heller Ehrman, LLP, San Francisco, CA, Eric Shapland, Esq., Heller Ehrman LLP, Los Angeles, CA, for Petitioner–Appellant.

Pamela K. Critchfield, Esq., Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: ROTH *, THOMAS and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Guillermo Solorio, Jr. appeals the district court's order denying his petition for habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount it in detail here.

Solorio contends that the state trial court violated the Confrontation Clause of the U.S. Constitution by admitting hearsay statements by the murder victim, fellow Norteño gang member, Vicente Sanchez. Guillermo Morales Diaz testified at trial that Sanchez told him that other Norteños wanted Sanchez to kill Diaz but that he would not do so and that one of his friends would in turn kill him (Sanchez).

The trial court admitted Sanchez's statement as a declaration against social interest, admissible under California Evidence Code § 1230. The California Court of Appeal held that the admission of the statement did not violate the Confrontation Clause, finding that the statement bore particularized guarantees of trustworthiness. The district court agreed and denied Solorio's petition for habeas relief adjudicated on the merits in state court proceedings.

This Court reviews the district court's denial of a habeas petition de novo. *Parle v. Runnels*, 387 F.3d 1030, 1034 (9th Cir.

2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a writ of habeas corpus challenging a state conviction on the basis of a claim reviewed on the merits in state court unless the state court's adjudication of that claim resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412–13, 120 S.Ct. 1495. Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identified the correct governing legal principle but unreasonably applied it to the facts of the case. *Id.* at 413, 120 S.Ct. 1495.

At the time that Solorio's conviction became final, *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), governed the admissibility of hearsay in a criminal case under the Confrontation Clause. Under *Roberts* and *Wright*, "a hearsay statement is presumptively inadmissible against a criminal defendant unless the declarant is unavailable and the statement bears 'adequate indicia of reliability'—that is, the

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statement falls within a 'firmly rooted hearsay exception' or contains 'particularized guarantees of trustworthiness.' " *Parle*, 387 F.3d at 1037 (citations omitted).

The issue on appeal is whether the hearsay statements in this case had "particularized guarantees of trustworthiness." In finding that the totality of the circumstances surrounding Sanchez's statement rendered it particularly trustworthy, the Court of Appeal noted that Sanchez believed that his statement would make him an object of hatred, ridicule, or social disgrace in the eyes of his gang community; Sanchez feared the revelation might even lead to his death; a reasonable man in Sanchez's position would not have made the statement unless he believed it to be true; Sanchez asked for Diaz's gun; and Sanchez closed the door to Diaz's office so that others (including Solorio) could not see or hear what transpired between Sanchez and Diaz in the office. Given the totality of the circumstances, including the content of the hearsay statement at issue and the context in which was made, the state court's determination that the admission of that statement did not violate the Confrontation Clause was reasonable.

We, therefore, **AFFIRM** the judgment of the district court.[1]

---

1. Solorio suggested in his opening brief to this Court (at footnote 4) that the admission of certain other evidence violated his Fourteenth Amendment right to a fair trial. We declined to certify that issue for appeal (after the District Court denied Solorio's motion for a certificate of appealability), and we lack jurisdiction to resolve the merits of any claim for which a COA is not granted. *Beaty v. Stewart,* 303 F.3d 975, 984 (9th Cir.2002). Also, we have held that the principle that the admission of evidence may violate due process if it renders a trial fundamentally unfair does not confer a right that has been clearly established by the Supreme Court, as required by AEDPA. *Alberni v. McDaniel,* 458 F.3d 860, 865–67 (9th Cir.2006).